Battle, J.
 

 It is stated in an elementary work of high authority, 3 Step. N. P. 22T4, that “ the foundation of an action for a malicious prosecution is the malice of the defendant, either expressed or implied; and whatever engines of the law malice may employ to compass its evil designs against innocent and un-offending persons, whether in the shape of indictment or information, which charge a party with crimes injurious to his fame and reprrtation, and tend to deprive him of his liberty; or whether such malice be evinced by malicious arrests, or by exhibiting groundless accusations, merely with a view to occasion expense to the party, who is under the necessity of defending himself against them, tlic action on the case affords an adequate remedy to the party injured.” There are three sorts of damages, any of which would be sufficient to support an action for malicious prosecution. 1st, “the damage to a man’s feme, as if the matter whereof bo scandalous; 2nd, where a man is put in danger to lose his life, limb or liberty^; 3rd, damage to a man’s property, as where he is forced to expend money in necessary charges to acquit himself of the crime, of which he is accused ’’- — Per Holt, C. J., in
 
 Savile
 
 v.
 
 Roberts,
 
 1 Ld. Ray. 374.
 

 The case before us seems to fall directly within tlie first class of damages, for winch Lord Holt says the action will lie. It certainly cannot be contended, that taking out a warrant upon an accusation of larceny, has no tendency to endamage a man’s reputation — that the matter whereof he is accused is not scandalous! Yet, if he be not allowed to avail himself of this action, he is en
 
 *46
 
 tirely without remedy. He cannot sue for the slanderous words merely, because they were spoken in the course of a judicial proceeding, 3 Step. N. P. 2565. His reputation, it must be admitted, may be as much injured where the warrant was only sued out from a justice, and not put into the hands of an officer, as if it had been prosecuted to the utmost extent. Nay, more, for in the latter case the party might have vindicated his character by proving*his innocence. Analogous to this is, we think, the case of a bill of indictment preferred and returned
 
 ignoramus; Payne
 
 v.
 
 Porter,
 
 Cro. Jac. 490; or that of a bill preferred
 
 coram non judice,
 
 1 Roll. Abr. Action
 
 sur case,
 
 (P.) 112. Both upon principle and authority then, we think his Honor in the Court below erred in refusing to set aside the award, and in giving judgment for the defendant. For this error, tire judgment must be reversed, and the award set aside. This opinion will be certified to the Superior Court of Law of Sampson County, to the end that the plaintiff may proceed in his action.
 

 Pep. Curiam. Judgment reversed, and award set aside.